UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| PYLORD P. DOE, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:23-cv-00178 |
| XAVIER BECERRA, M.D.; WALTER J. KEROSHETZ, M.D.; CARLTON M. HADDEN; and ANDREA DOWNING, | ) ) ) ) ) |
| Defendants. | ) |

**ENTRY ORDER DENYING
MOTION REQUESTING COURT SERVICE OF SUMMONS**
(Doc. 6)

On August 1, 2023, Plaintiff Pylord P. Doe, M.D., representing himself, was denied permission to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. He was granted the opportunity to either file an amended IFP application or to pay the filing fee by August 18, 2023. On August 15, 2023, Plaintiff timely paid the filing fee and his Complaint against Xavier Becerra, M.D., Secretary of the Department of Health and Human Services ("DHHS"), Walter J. Keroshetz, M.D., Director of the National Institute of Neurologic Disease and Stroke, Carlton M. Hadden, Director of Federal Operations at the U.S. Equal Employment Opportunity Commission, and Andrea Downing, an attorney at DHHS was filed. (Doc. 5.) Plaintiff alleges claims of unlawful employment practices Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. On August 31, 2023, Plaintiff filed a motion requesting court service of the summons under Fed. R. Civ. P. 4(c)(3). (Doc. 6.)

**I.    Conclusions of Law and Analysis.**

    **A.    Federal Rule of Civil Procedure 4.**

Federal Rule of Civil Procedure 4 governs summons and service. Rule 4(a)(1) governs the content of a summons. Under Rule 4(c)(1), "a summons must be served with

a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1). A summons directs an individual or entity to either defend in a civil action or forgo procedural and substantive rights. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351-53 (1999) (explaining the legislative history of 28 U.S.C. § 1446 makes clear Congress did not intend "to dispense with the historic function of service of process as the official trigger for responsive action by a . . . defendant"). Under Rule 4(b), a "plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b).

Federal Rule of Civil Procedure 4(i) requires that to serve the United States, a party must either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office[,]" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.[,] and "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1). To serve a "United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer[] or employee." Fed. R. Civ. P. 4(i)(2). Federal Rule of Civil Procedure Rule 4(l)(1) requires proof of service be filed in court.

     **B.**    **Plaintiff's Request for Service by the Court.**

Plaintiff "requests this [c]ourt order[] service of s[um]mons be made as . . . provided in Fed. R. Civ. P. 4[(c)](3)." (Doc. 6 at 1.) Rule 4(c)(3) requires that the court "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" only when a plaintiff is authorized to proceed IFP under

28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). In all other cases, at a "plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." *Id.* In such cases, "the decision whether to grant such a request for a court appointed process server is discretionary." *Zarro v. Spitzer*, 2008 WL 4399442, at *1 (N.D.N.Y. Sept. 23, 2008); *see also* Fed. R. Civ. P. 4(c)(3) advisory committee's notes to 1993 amendments ("The court [] retains discretion to appoint a process server on motion of a party.").

The Advisory Committee Notes to Rule 4 indicate that "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." Fed. R. Civ. P. 4(c)(3) advisory committee's note to 1993 amendments. "A court[-]appointed process server may also be appropriate where the plaintiff is unable to resort to private options for the effectuation of service." *Zarro*, 2008 WL 4399442, at *2; *see also Madu, Edozie, & Madu, P.C. v. SocketWorks LTD. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (prior to granting court-ordered service under Rule 4(f), a "district court may require the parties to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary") (internal quotation marks omitted).

Plaintiff has not stated why he cannot arrange for service without the assistance of the Marshals Service. There is no reason to believe that an official process server is necessary to keep the peace or that Plaintiff is unable to effectuate service privately. Because Plaintiff brings this action against officers and employees of the United States, service of process under Rule 4 may be made by registered or certified mail. For this reason, personal service is not required. As service by mail is not onerous, Plaintiff's motion is DENIED WITHOUT PREJUDICE. *See Bozgoz v. Blackwell*, 2021 WL 1518337, at *4 (D.D.C. Apr. 16, 2021) (denying for a second time motion requesting the Marshals execute service because plaintiffs did not explain why "service by registered or certified mail[] would prove unsuccessful or futile"); *see also Mickens v. Hous. Auth. of Los Angeles*, 2022 WL 16942848, at *1 (C.D. Cal. Aug. 22, 2022) (denying request for

court-ordered service because "successful service on all defendants and any required research for doing so are Plaintiff's responsibility").

If Plaintiff is unable to complete service by registered or certified mail as required by Rule 4(i), Plaintiff may refile his motion requesting the court order that service be made by the United States marshal. In doing so, Plaintiff must explain his efforts to obtain service by registered or certified mail as authorized by Rule 4.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion requesting court service of the summons (Doc. 6) is DENIED WITHOUT PREJUDICE. Plaintiff may refile the motion together with a request to extend the time for service under Rule 4(m) if he is unable to properly complete service by November 13, 2023. Failure to do so, or to file proof of service as required by Rule 4(l), shall result in dismissal of the case without prejudice.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of September, 2023.

Christina Reiss, District Judge
United States District Court