U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 MAY -7 PM 2:29

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| PYLORD P. DOE, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-00178 |
| ) | |
| XAVIER BECERRA, M.D.; WALTER J. ) | |
| KEROSHETZ, M.D.; CARLTON M. ) | |
| HADDEN; and ANDREA DOWNING, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ORDER DENYING PLAINTIFF'S MOTION
AND EXTENDING TIME FOR SERVICE OF PROCESS**
(Doc. 12)

On January 30, 2024, the court reinstated self-represented Plaintiff Pylord P. Doe, M.D.'s Complaint against Xavier Becerra, M.D., Secretary of the Department of Health and Human Services ("DHHS"), Walter J. Keroshetz, M.D., Director of the National Institute of Neurologic Disease and Stroke ("NINDS"), Carlton M. Hadden, Director of Federal Operations at the U.S. Equal Employment Opportunity Commission ("EEOC"), and Andrea Downing, an attorney at DHHS. After observing deficiencies in the Plaintiff's service of process, the court also ordered that Plaintiff serve each Defendant and the United States by April 1, 2024. (Doc. 11.) On March 29, 2024, Plaintiff submitted new proofs of service and filed a motion requesting the court "acknowledge and enforce his judicial right and demand for trial by jury[.]"[1] (Doc. 12 at 9.)

**I.    Procedural History.**

On August 1, 2023, Plaintiff was denied permission to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. He was granted the opportunity to either file an amended IFP application or to pay the filing fee. On August 15, 2023, Plaintiff timely

---

[1] The motion is titled: "Motion Requesting Court Renders Justice Based on Facts & the Law." *See* Doc. 12.

paid the filing fee, and his Complaint was filed. (Doc. 5.) Plaintiff alleges claims of unlawful employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, arising out of the "wrongful termination of his employment at the National Institutes of Health [] in Bethesda, Maryland over [t]wo [d]ecades ago[,]" (Doc. 5 at 2), as well as claims of conspiracy during a subsequent action before the Equal Employment Opportunity Commission.

On August 31, 2023, Plaintiff filed a motion requesting court service of the summonses under Fed. R. Civ. P. 4(c)(3). (Doc. 6.) On September 19, 2023, the court denied without prejudice Plaintiff's motion because Defendants can be served by registered or certified mail and service by mail is not onerous. The court advised Plaintiff the motion could be refiled together with a request to extend the time for service under Rule 4(m) if he was unable to properly complete service by November 13, 2023. Plaintiff was warned: "Failure to do so, or to file proof of service as required by Rule 4(l), shall result in dismissal of the case without prejudice." (Doc. 7 at 4.) Plaintiff was further advised that a future motion seeking court assistance must explain his efforts to obtain service by registered or certified mail as authorized by Rule 4.

On October 18, 2023, summonses for each Defendant were reissued. On December 13, 2023, because Plaintiff failed to provide proof of timely service as to any Defendant or the United States, or to file a motion seeking court assistance with service, the court dismissed the case without prejudice under Rule 4(m). A Judgment was entered the same day.

On December 20, 2023, Plaintiff filed a motion requesting the court vacate the Judgment and the Order dismissing his case. (Doc. 10.) Plaintiff contended that he completed service prior to November 13, 2023, and submitted documentation he claimed supported that claim. In a January 30, 2024 Entry Order ("January 30 EO"), the court concluded that Plaintiff did not willfully fail to comply with the court's order regarding service. In order to avoid injustice, the court granted the motion to vacate the court's Dismissal Order and Judgment and reinstated the case.

The court, however, further determined that Plaintiff had not established that his service of process was effective for two reasons. First, because Plaintiff is a party, he may not serve process personally in his own case. For this reason, Plaintiff's proof of service forms purportedly demonstrating timely personal service on Defendants completed by Plaintiff himself were insufficient. Second, because delivery via a private carrier does not satisfy the requirements of the federal rules, Plaintiff's shipment and delivery receipts from private carriers were insufficient to show proper service of process.

In light of Plaintiff's self-represented status, and his timely attempt to serve Defendants, the court granted an extension of the time to serve process in accordance with Federal Rule of Civil Procedure 4. The court also provided a detailed discussion of the requirements of Rule 4, including that for any defendant sued in an official capacity, service on the United States was also required. Plaintiff was warned: "[F]ailure to serve the United States and to file a waiver or proof of service will result in dismissal of the claims against any Defendant who has not waived service of a summons or received proper service of process." (Doc. 11 at 7.) On January 31, 2024, summonses for each Defendant were reissued

## II.  Plaintiff's Current Motion.

Plaintiff again submits proof of service forms and requests the court enforce his judicial right and demand for trial by jury. Plaintiff contends "it is evidential that this court painstakingly made efforts to analyze/adversely criticize [P]laintiff's method[s] of service[.]" (Doc. 12 at 6.) He asserts that the Federal Rules of Civil Procedure "do not object to delivering of service by registered or certified mail" and Rule 4(i)(2) "recommends registered/certified mail as a method of service[.]" *Id.* He further asserts that Rule 4(c)(2) "does not prohibit [P]laintiff's representative from serving [D]efendants[.]" *Id.*

With his motion, Plaintiff has submitted copies of the summonses issued on January 31, 2024. He has also filed proof of service forms, all signed by Plaintiff, declaring that on March 24, 2024, he made personal service on: Carlton Hadden at a Post Office box in Washington, DC (Doc. 12-1 at 3); Andrea Downing at Washington, DC,

3

*id.* at 5; Walter J. Keroshetz at Bethesda, Maryland, *id.* at 7; and Xavier Becerra at Washington, DC, *id.* at 9. Also included are copies of United States Postal Service ("USPS") certified mail receipts addressed to Defendants Hadden, Downing, and Keroshetz dated March 20, 2024, as well as one blank receipt. *See* Doc. 12-1 at 1, 10. Not included are any USPS return receipts indicating delivery of the certified mail.

### III. Conclusions of Law and Analysis.

#### A. Standard of Review.

Plaintiff characterizes service as a trivial matter for which the court has provided a hyper-technical response. This is incorrect. In the absence of adequate service of process on a defendant, the court may not exercise personal jurisdiction over that defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). The case will therefore proceed no further. Although Plaintiff is self-represented, he has brought a civil lawsuits elsewhere and thus may be deemed conversant with the rules governing service of process.[2]

Proper service of process is not a technicality but an essential component of Due Process. A defendant "becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."). "Accordingly, the adequacy of service of process must be resolved before [considering the merits]" of a case. *Deptula v. Rosen*, 558 F. Supp. 3d 73, 83 (S.D.N.Y. 2021) (internal quotation marks omitted). Plaintiff "bear[s] the burden of proving service

---

[2] *See Doe v. Shalala*, No. AMD-96-0153, slip op. at 1 (D. Md. Aug. 27, 1997); *Doe v. United States ex rel. U.S. Dep't of Health & Hum. Servs.*, 2015 WL 1461236, at *1 (D. Md. Mar. 27, 2015).

4

of process was adequate." *Balarezo v. Ocwen Loan Serv., LLC*, 2017 WL 4857598, at *2 (S.D.N.Y. Oct. 25, 2017).

### B. Federal Rule of Civil Procedure 4.

Federal Rule of Civil Procedure 4 provides that "a summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1).

To serve the United States, Federal Rule of Civil Procedure 4(i) requires a party to either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office[,]" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.[,]" and "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1).

To serve a "United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer[] or employee." *Id.* 4(i)(2). To serve a "United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the Unites States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." *Id.* 4(i)(3).[3]

---

[3] Under Federal Rule of Civil Procedure 4(d), Plaintiff may seek a waiver of service of a summons on the individual defendants, to the extent they are served in their individual capacities, and an individual "subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). It is unclear whether Plaintiff's claims against defendants are in their official or individual capacities or both. Plaintiff acknowledges he does not wish to pursue a waiver. *See* Doc. 12 at 6 ("[P]laintiff elected/chose

Federal Rule of Civil Procedure Rule 4(l) states that "[u]nless service is waived, proof of service must be made to the court . . . by the server's affidavit." Fed. R. Civ. P. 4(l)(1). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* 4(m). Self-represented litigants are not excused from complying with the court's procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") (footnote omitted).

### C.     Whether Plaintiff has Demonstrated Adequate Service of Process.

In this case, service of process was due by November 13, 2023, ninety days from the filing of the Complaint on August 15, 2023. In the January 30 EO, the court extended the time for Plaintiff to complete service to April 1, 2024, in accordance with Rule 4(m). Plaintiff contends that he completed service on each Defendant on March 20, 2024. He timely submitted proof of that purported service on March 29, 2024.

Plaintiff has not established his service of process was effective. First, as the court noted in the January 30 EO, to the extent Plaintiff's proof of service forms declare that he personally served each Defendant, service remains improper because Plaintiff may not serve process personally in his own case. *See* Fed. R. Civ. P. 4(c)(2) (providing that service of process may be made by "[a]ny person who is at least 18 years old and not a party").[4]

Second, although Plaintiff submitted certified mail receipts addressed to three of the four Defendants, he has not submitted any evidence of delivery, and he has failed to

---

not to file such a meaningless 'request to waive[]' . . . and . . . finds it irrational to request 'waiver' of service in order for [D]efendant(s) to 'avoid expenses[.]'[]").

[4] Plaintiff's inclusion of USPS certified mail receipts dated the same day as the purported personal service, and the Defendants' locations outside the state of Vermont render it unclear how Plaintiff delivered a copy of the summons to any Defendant personally or how Defendant Hadden could have been personally served at a post office box.

6

demonstrate service on the United States. Rule 4(i)(2) and (3) require that to bring an action against an officer or employee of the United States in either their official or individual capacities, the United States must be served. While Plaintiff previously submitted a receipt from the UPS Store for a USPS "ground advantage" shipment to Nikolas Kerest, the United States Attorney for the District of Vermont, the court has explained why this will not suffice for proper service on the United States. *See* Doc. 11 at 6.

In the absence of adequate service, the court is prohibited from considering the merits of Plaintiff's Complaint. For these reasons, Plaintiff's motion requesting the court "render[] justice" (Doc. 12) is DENIED.

### D. Whether a Second Extension of Time to Serve Process is Warranted.

Under Rule 4(m), where a defendant has not been served within ninety days of the plaintiff filing the complaint—as appears to be the case here—the court is required to dismiss the action without prejudice or order that service be made within a specified time. The Second Circuit has "interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010).

In light of Plaintiff's self-represented status, the court grants a further extension of the time to serve process. *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("hold[ing] that district courts have discretion to grant extensions even in the absence of good cause"). **Plaintiff is warned that because the Complaint was filed in August 2023, over eight months ago, the court is unlikely to grant a third extension.**

### CONCLUSION

Plaintiff's motion requesting the court "render[] justice" (Doc. 12) is DENIED.

Plaintiff shall serve each Defendant sued in an official capacity by serving the United States and by sending a copy of the summons together with a copy of the Complaint by USPS registered or certified to that Defendant by June 14, 2024. *See* Fed. R. Civ. P. 4(i)(2). In this case, service on the United States may be accomplished by sending a copy of the summons and of the complaint by USPS registered or certified mail

7

to the civil-process clerk at the United States Attorney's office for the District of Vermont or to the Attorney General of the United States. Proof of service of process by server's affidavit must be filed no later than June 28, 2024. Plaintiff must provide evidence, such as USPS return receipts, indicating delivery of the registered or certified mail was completed.

To the extent that Plaintiff brings claims against a Defendant in his or her individual capacity, Plaintiff may either (1) engage another adult[5] to personally serve a summons together with a copy of the Complaint on that Defendant or (2) file a properly completed waiver of service for that Defendant in addition to serving the United States by June 14, 2024. *See* Fed. R. Civ. P. 4(i)(3). Service of process by mail is insufficient to serve a United States officer or employee sued in an individual capacity. Waivers of service and/or proof of personal service of process by server's affidavit must be filed no later than June 28, 2024.

**PLAINTIFF IS WARNED THAT FAILURE TO SERVE THE UNITED STATES AND TO FILE A WAIVER OR PROOF OF SERVICE WILL RESULT IN DISMISSAL OF HIS CLAIMS WITHOUT PREJUDICE AGAINST ANY DEFENDANT WHO HAS NOT BEEN SERVED.**

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 7th day of May, 2024.

Christina Reiss, District Judge
United States District Court

---

[5] Rule 4(c)(2) provides that service of process may be performed by "[a]ny person who is at least 18 years old and not a party[.]"