U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 AUG -1  PM 4: 16

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| PYLORD P. DOE, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> XAVIER BECERRA, M.D.; WALTER J. ) <br> KEROSHETZ, M.D.; CARLTON M. ) <br> HADDEN; and ANDREA DOWNING, ) <br> ) <br> Defendants. ) | Case No. 2:23-cv-00178 |

**ORDER DENYING MOTION FOR RECONSIDERATION
AND ORDER TO SHOW CAUSE WHY THIS CASE SHOULD
NOT BE DISMISSED FOR FAILURE TO SERVE THE UNITED STATES**
(Doc. 18)

A review of the docket in this case reveals the following:

1. On August 15, 2023, Plaintiff paid the case filing fee, and his Complaint was filed. (Doc. 5.) The court issued summonses for each Defendant as well as the United States Attorney General and United States Attorney.

2. On September 19, 2023, the court denied Plaintiff's motion requesting court service under Fed. R. Civ. P. 4(c)(3) because Defendants can be served by registered or certified mail and service by mail is not onerous. The court advised the motion could be refiled together with a request to extend the time for service under Rule 4(m) if Plaintiff was unable to complete service by November 13, 2023. (Doc. 7 at 4.) Plaintiff was warned: "Failure to do so, or to file proof of service as required by Rule 4(l), shall result in dismissal of the case without prejudice." *Id.*

3. On October 18, 2023, summonses for each Defendant were reissued.

4. On December 13, 2023, because the court had received no further filings, the case was dismissed. (Doc. 8.)

5. On January 30, 2024, the court granted Plaintiff's motion to vacate the Dismissal Order, reinstated the case, and ordered that, among other things, Plaintiff cause the United States to be served by April 1, 2024. Plaintiff was warned: "**[F]ailure to serve the United States . . . will result in dismissal of the claims[.]**" (Doc. 11 at 7.)

6. On January 31, 2024, summonses for each Defendant, the United States Attorney General, and the United States Attorney were reissued.

7. On May 7, 2024, the court denied Plaintiff's motion requesting the court "render[] justice" (Doc. 12) and extended the time for service of process until no later than June 14, 2024. Plaintiff was warned: "**FAILURE TO SERVE THE UNITED STATES . . . WILL RESULT IN DISMISSAL OF HIS CLAIMS WITHOUT PREJUDICE AGAINST ANY DEFENDANT WHO HAS NOT BEEN SERVED.**" (Doc. 17 at 8.)

8. On June 4, 2024, Plaintiff filed a motion for reconsideration of the court's May 7, 2024 Order.

9. No further filings have been received as of the date of this Order.

## I. Conclusions of Law and Analysis.

### A. Federal Rule of Civil Procedure 4.

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(l)(1) requires proof of service be made to the court.

### B. Plaintiff's Failure to Comply with Court Orders to Complete Service.

On September 19, 2023, the court ordered Plaintiff to properly complete service by November 13, 2023. Plaintiff was also provided the option to refile a motion requesting court service if he was unable to properly complete service. He was explicitly warned that failure to file proof of service or to file a motion would result in the dismissal of his case. He did not do so, and his case was dismissed without prejudice under Rule 4(m).

At Plaintiff's request, the court reinstated the case and, on January 30, 2024, extended the time for service and ordered Plaintiff to properly complete service, including serving the United States, by April 12, 2024. He was again warned that failure to serve the United States would result in the dismissal of his case. He did not complete service in the time allotted or thereafter.

2

On May 7, 2024, the court again extended the time for service and ordered Plaintiff to serve the United States no later than June 28, 2024. He was warned that failure serve the United States would result in the dismissal of his case. He did not do so.

### C.  Plaintiff's Motion for Reconsideration.

Plaintiff now moves the court to reconsider the May 7, 2024 Order. He asserts that: (1) "Nobody is interested in joining me to sign any document (like serving summons) involving this case because it involves the federal government"; (2) "The only thing Plaintiff could trust is the U.S. Postal System whose delivery provides authentic 'proof of service' through registered/certified mail [] with a returned receipt"; and (3) "[H]ereto [is] attached evidence that . . . defendants have received the summons through their agents who signed for it." (Doc. 18 at 1-2) (capitalization and emphasis omitted). The evidence to which Plaintiff refers is United States Postal Service ("USPS") return receipts for certified mailings to Andrea Downing, Carlton M. Hadden, and Walter J. Keroshetz which were signed as received on March 25, 2024, March 29, 2024, and April 1, 2024, respectively. *See* Doc. 18-1 at 1.

The court has explained several times, including in the May 7, 2024 Order, that the United States must be served to bring a claim against a defendant in their official capacity and that service by mail is insufficient to serve a United States officer or employee sued in an individual capacity. To serve the United States, Plaintiff may send copies of the summons and Complaint by USPS registered or certified mail to the civil-process clerk at the United States attorney's office and to the Attorney General of the United States. The court may not exercise personal jurisdiction over any Defendant in either an official capacity or an individual capacity if proper service has not been completed.[1]

---

[1] As a result, the court has no basis to exercise personal jurisdiction over any Defendant. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (internal quotation marks and alterations omitted); *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 268 (2017) (explaining the requirements of personal jurisdiction "must be met as to each defendant").

Although Plaintiff states he "has had no intention to oppose [the] court decisions[,]" (Doc. 18 at 1), and concludes by stating he "is very fully aware of [the] [c]ourt's [May 7, 2024] Order[,]" *id.* at 3, Plaintiff has not completed service on the United States or personal service on any Defendant in the required manner.

Plaintiff has not pointed to "'controlling decisions or data that the court overlooked'—matters 'that might reasonably be expected to alter the conclusion reached by the court.'" *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Because his motion does not satisfy the demanding standard for reconsideration, it must be DENIED.

## II. Order to Show Cause Why This Case Should Not be Dismissed.

Plaintiff has now missed the deadline for service in this case three times. This failure is despite the court's extension of his time to do so for an additional seven months. The court has explained the requirements to properly serve Defendants whether sued in their individual or official capacities. Plaintiff has twice been ordered to complete service on the United States but has failed to do so. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order").

Plaintiff is ORDERED to show good cause for his failure to serve the United States. **If Plaintiff should fail to respond to this Order on or before August 30, 2024, the case shall be dismissed without prejudice under Rule 4(m) and under Rule 41(b) for failure to comply with court Orders.**
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of August, 2024.

Christina Reiss, Chief Judge
United States District Court