U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JUL 28 PM 2: 27

CLERK
BY *(illegible)*
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

PYLORD P. DOE, M.D.,                  )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        Case No. 2:23-cv-00178
                                      )
XAVIER BECERRA, M.D.; WALTER J.       )
KEROSHETZ, M.D.; CARLTON M.           )
HADDEN; and ANDREA DOWNING,           )
                                      )
        Defendants.                   )

**ENTRY ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
(Docs. 21, 22)

Plaintiff Pylord P. Doe, M.D., representing himself, filed a Complaint against
Xavier Becerra, M.D., Secretary of the Department of Health and Human Services
("DHHS"); Walter J. Keroshetz, M.D., Director of the National Institute of Neurologic
Disease and Stroke; Carlton M. Hadden, Director of Federal Operations at the U.S. Equal
Employment Opportunity Commission ("EEOC"); and Andrea Downing, an attorney at
DHHS. After Plaintiff failed to complete service of process despite multiple warnings to
do so, the court ordered Plaintiff to show cause why his case should not be dismissed for
failure to serve the United States. Plaintiff replied to the Order to Show Cause and
subsequently filed a motion for default judgment. (Doc. 21.) In turn, Defendants moved
to dismiss for insufficient service of process and lack of personal jurisdiction under Fed.
R. Civ. P. 12(b)(2) and (5). (Doc. 22.)

**I.      Procedural History.**

On August 1, 2023, Plaintiff was denied permission to proceed *in forma pauperis*
("IFP") under 28 U.S.C. § 1915. He was granted the opportunity to either file an
amended IFP application or to pay the filing fee. On August 15, 2023, Plaintiff timely

paid the filing fee, and his Complaint was filed. (Doc. 5.) Plaintiff alleges claims of unlawful employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, arising out of the "wrongful termination of his employment at the National Institutes of Health [] in Bethesda, Maryland over [t]wo [d]ecades ago[,]" (Doc. 5 at 2), as well as claims of conspiracy during a subsequent action before the EEOC.

On August 31, 2023, Plaintiff filed a motion requesting court service of the summonses under Fed. R. Civ. P. 4(c)(3). (Doc. 6.) On September 19, 2023, the court denied without prejudice Plaintiff's motion because Defendants can be served by registered or certified mail and service by mail is neither expensive nor burdensome. The court advised Plaintiff his motion could be refiled together with a request to extend the time for service under Rule 4(m) if he was unable to properly complete service by November 13, 2023. Plaintiff was warned: "Failure to do so, or to file proof of service as required by Rule 4(l), shall result in dismissal of the case without prejudice." (Doc. 7 at 4.) Plaintiff was further advised that a future motion seeking court assistance must explain his efforts to obtain service by registered or certified mail as authorized by Rule 4.

On October 18, 2023, summonses for each Defendant were reissued. On December 13, 2023, because Plaintiff failed to provide proof of timely service as to any Defendant or the United States, or to file a motion seeking court assistance with service, the court dismissed the case without prejudice under Rule 4(m). A Judgment was entered that same day.

On December 20, 2023, Plaintiff filed a motion requesting the court vacate the Judgment and the Order dismissing his case. (Doc. 10.) Plaintiff contended that he completed service prior to November 13, 2023, and submitted documentation he claimed supported that claim. In a January 30, 2024 Entry Order, the court concluded that Plaintiff did not willfully fail to comply with the court's Order regarding service. In order to avoid injustice, the court granted Plaintiff's motion to vacate the court's Dismissal Order and Judgment and reinstated the case.

The court nonetheless determined that Plaintiff had not established proper service of process for two reasons. First, because Plaintiff is a party, he may not serve process personally in his own case. For this reason, Plaintiff's proof of service forms purportedly demonstrating timely personal service on Defendants completed by Plaintiff himself were insufficient. Second, because delivery via a private carrier does not satisfy the requirements of the federal rules, Plaintiff's shipment and delivery receipts from private carriers were insufficient to show proper service of process.

In light of Plaintiff's self-represented status, and his timely attempts to serve Defendants, the court granted an extension of time to serve process in accordance with Fed. R. Civ. P. 4 until April 1, 2024. The court also provided a detailed discussion of the requirements of Rule 4, including that, for any defendant sued in an official capacity, service on the United States was also required. Plaintiff was warned: "[F]ailure to serve the United States and to file a waiver or proof of service will result in dismissal of the claims against any Defendant who has not waived service of a summons or received proper service of process." (Doc. 11 at 7.) On January 31, 2024, summonses for each Defendant were reissued.

On March 29, 2024, Plaintiff submitted new proofs of service and filed a motion requesting the court "acknowledge and enforce his judicial right and demand for trial by jury[.]"[1] (Doc. 12 at 9.) Plaintiff contended "it is evidential that this court painstakingly made efforts to analyze/adversely criticize [P]laintiff's method(s) of service[.]" *Id.* at 6. He asserted that the Federal Rules of Civil Procedure "do not object to delivering of service by registered or certified mail" and Rule 4(i)(2) "recommends registered/certified mail as a method of service[.]" *Id.* (emphasis omitted). He further asserts that Rule 4(c)(2) "does not prohibit [P]laintiff's representative from serving [D]efendants[.]" *Id.*

With his motion, Plaintiff submitted copies of the summonses issued on January 31, 2024, together with proof of service forms, all signed by Plaintiff, declaring that on March 24, 2024, he made personal service on: Carlton Hadden at a post-office box in

---

[1] The motion was titled: "Motion Requesting Court Renders Justice Based on Facts & the Law." *See* Doc. 12.

Washington, DC (Doc. 12-1 at 3); Andrea Downing at Washington, DC, *id.* at 5; Walter J. Keroshetz at Bethesda, Maryland, *id.* at 7; and Xavier Becerra at Washington, DC, *id.* at 9. Also included were copies of United States Postal Service ("USPS") certified mail receipts addressed to Defendants Hadden, Downing, and Keroshetz dated March 20, 2024, as well as one blank receipt. *See* Doc. 12-1 at 1, 10. Not included are any USPS return receipts indicating delivery of the certified mail.

On May 7, 2024, the court issued an Entry Order denying Plaintiff's motion requesting the court "render[] justice[.]" *See* Doc. 12. The court determined that, in the absence of adequate service, the court was prohibited from considering the merits of Plaintiff's Complaint. The court provided one final extension of time for Plaintiff to serve process on Defendants, ordering that proof of service of process by server's affidavit be filed no later than June 28, 2024, and explaining that Plaintiff must provide evidence, such as USPS return receipts, indicating delivery of the registered or certified mail was completed. Plaintiff was warned: "**FAILURE TO SERVE THE UNITED STATES . . . WILL RESULT IN DISMISSAL OF HIS CLAIMS WITHOUT PREJUDICE AGAINST ANY DEFENDANT WHO HAS NOT BEEN SERVED.**" (Doc. 17 at 8.)

Instead of providing proof of service of process, Plaintiff filed a motion for reconsideration of the court's May 7, 2024 Order. On August 1, 2024, because his motion did not satisfy the demanding standard for reconsideration, it was denied. Additionally, the court required Plaintiff to show cause why his case should not be dismissed for failure to serve the United States. On August 27, 2024, Plaintiff timely filed a response to the Order to Show Cause including the same shipment receipts from November 2023 that the court has determined were insufficient to establish proper service. *See* Doc. 20-4. On October 28, 2024, Plaintiff filed a motion for default judgment. (Doc. 21.) Defendants replied by filing a motion to dismiss. (Doc. 22.) Defendants argue that the Court lacks personal jurisdiction over them and that he has failed to effectuate service of process.

## II.    Conclusions of Law and Analysis.

### A.    Standards of Review.

To survive a motion to dismiss for lack of personal jurisdiction under Rule

12(b)(2), a plaintiff has the burden of making a prima facie case showing that personal jurisdiction over the defendant exists. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks and brackets omitted).

Rule 12(b)(5) provides "the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Soos v. Niagara Cnty.*, 195 F. Supp. 3d 458, 463 (W.D.N.Y. 2016) (internal quotation marks omitted). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (internal quotation marks omitted). The court looks to Rule 4 when deciding a motion to dismiss for insufficient service of process. *See DeLuca v. AccessIT Grp.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). "In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[] to matters outside the complaint to determine whether it has jurisdiction." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016).

### B.    Defendants' Motion to Dismiss.

Defendants move to dismiss the Complaint contending that the court lacks personal jurisdiction because the Plaintiff failed to effectuate proper service. In the absence of adequate service of process on a defendant, the court may not exercise personal jurisdiction over that defendant. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). For this reason, "the [c]ourt's analysis under Rule 12(b)(2) and (5) collapses into one: if service of process over Defendants is insufficient, then the [c]ourt may not exercise proper jurisdiction over them." *Pruthi v. Empire City Casino*, 2022 WL 596370, at *4 (S.D.N.Y. Feb. 28, 2022).

Proper service of process is not a technicality but an essential component of Due Process. For this reason, a defendant "becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.").

Despite the court's explanation of the Rule 4 requirements to properly serve Defendants, Plaintiff's response to the August 1, 2024 Order to Show Cause relied upon the same receipts from November 2023 which the court had determined were insufficient to establish proper service. Plaintiff has twice been ordered to complete service on the United States but failed to do so. Plaintiff failed to comply with the deadline for service in this case on three occasions.

Because Plaintiff has failed to establish proper service of process on the individual Defendants or the United States, the court does not have personal jurisdiction over them and Defendants' motion to dismiss (Doc. 22) must be GRANTED.

### C.    Plaintiff's Motion for Default Judgment.

"Personal jurisdiction is a necessary prerequisite to entry of a default judgment." *Holliman v. ASA Coll., Inc.*, 2024 WL 5659976, at *4 (E.D.N.Y. Aug. 29, 2024). Because the court lacks personal jurisdiction over Defendants due to Plaintiff's failure to effect proper service of process, Plaintiff's motion for default judgment (Doc. 21) is DENIED. *See United States v. Brow*, 267 F. App'x 96, 97 (2d Cir. 2008) (explaining "dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of [the] district court") (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)) (first alteration in original); *see also Cowder v. Admin. for Child. & Fams.*, 2010 WL 723440, at *2 (E.D.N.Y. 2010) (denying motion for default judgment where service had not been properly effected).

6

**D.    Whether a Third Extension of Time to Serve Process is Warranted.**

Under Rule 4(m), where a defendant has not been served within ninety days of the plaintiff filing the complaint, the court is required to dismiss the action without prejudice or order that service be made within a specified time. The Second Circuit has "interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010).

Plaintiff has been warned that the court is unlikely to grant a third extension. It declines to do so now.

## CONCLUSION

Plaintiff's motion for default judgment (Doc. 21) is DENIED and Defendants' motion to dismiss (Doc. 22) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 28th day of July, 2025.

Christina Reiss, Chief Judge
United States District Court